UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SPENCER,

                          CIVIL CASE NO. 03-40043

              Plaintiff,

v.

                          HONORABLE PAUL V. GADOLA

MICHAEL BOUCHARD, THOMAS         U.S. DISTRICT JUDGE
QUISENBERRY, CPT. WALLACE, and
LT. SNAREY,

              Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff William Spencer alleges that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights. Specifically, Plaintiff brings Fourteenth Amendment claims which include claims for overcrowding, denial of exercise, and denial of warm and dry housing.[1] He also brings claims for retaliation, interference with his legal mail, denial of adequate reading material, and violations of Due Process regarding the grievance procedure. Before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(c) and Fed. R. Civ. P. 12(b)(6), the Report and Recommendation of the Honorable Steven D. Pepe, United States Magistrate Judge, and the objections of both parties. The Magistrate Judge recommends that this Court grant Defendants' motion as to all claims except Plaintiff's warm and dry housing claim. The Magistrate Judge also

---

[1] Plaintiff characterized these claims as Eighth Amendment cruel and unusual punishment claims, but the Eight Amendment does not apply to pretrial detainees such as Plaintiff. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). Instead, the Fourteenth Amendment affords pretrial detainees rights analogous to those provided by the Eighth Amendment. *Id.*

recommends that this Court dismiss Defendant Quisenberry from the action.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part, that

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendants filed an objection, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at

807.  If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation.  *See id.*; 12 Wright, Federal Practice § 3070.2.

Plaintiff filed six objections to the Magistrate Judge's finding.  Aside from a few typographical errors, each objection takes the exact same form:

> Plaintiff OBJECTS to the granting of summary judgment in favor of the defendants regarding Plaintiff's [ _____ ] Claim because the Complaint, Exhibits, Depositions and Affidavits or record support that the relief requested by Plaintiff regarding this issue should be GRANTED.

Pl. Objs.2-3.  Regarding such general objections, the Sixth Circuit has stated:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991).  Accordingly, the Court will not consider Plaintiff's objections.

Defendants, however, filed a detailed objection to the Magistrate Judge's recommendation to deny Defendants' Motion for Summary Judgment on Plaintiff's warm and dry housing claim. In recommending that Plaintiff's claim survive summary judgment, the Magistrate Judge stated that "Defendants have not addressed this issue and have provided no penological justifications for this."

3

Rep. & Rec., at 11. In their objection, Defendants explain how their motion and brief did address Plaintiff's claim. Indeed, after reviewing Defendant's motion, brief, and accompanying exhibits, as well as Defendant's objection, the Court finds that Defendants did adequately address the issue. Moreover, after conducting a *de novo* review of the issue, the Court concludes that, for the reasons in Defendant's objection, Defendant's Motion for Summary Judgment should also be granted with respect to Plaintiff's warm and dry housing claim.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's Objections [docket entry 106] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants Objection [docket entry 105] is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 104] is **ACCEPTED** and **ADOPTED IN PART**, as the opinion of this Court, insofar as it is not inconsistent with this order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [docket entry 95] is **GRANTED**, and this civil action, **No. 03-40043**, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:  September 14, 2005               s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   September 14, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                     Keith J. Lerminiaux                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                William Spencer                                   .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845