UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

       Plaintiff,                    Case No.   03-40043

vs.                                   JUDGE PAUL V. GADOLA
                                          MAGISTRATE JUDGE STEVEN D. PEPE

LT. SNAREY AND CAPT. WALLACE,

       Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
APPLICATION TO SUBMIT WRITTEN DEPOSITION (DKT. #118)

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff William Spencer alleges that Defendants violated his Eighth Amendment rights.

For the reasons stated below, Plaintiff's application to submit the written deposition of Terry Gallimore is DENIED.

I.      **Procedural History**

Pursuant to an amended scheduling order, discovery closed in this matter, on September 27, 2004, and dispositive motions were to be filed on or before October 27, 2004 (Dkt. #87).

On September 14, 2005, this Court granted Defendants' October 28, 2004, motion for summary judgment.

Plaintiff appealed and on June 6, 2006, the United States Court of Appeals for the Sixth Circuit Court of Appeals vacated the district court's grant of summary judgment and, finding that Plaintiff had not exhausted his administrative remedies according to the requirements of

the Prison Litigation Reform Act with respect to the: First Amendment claims against Defendants Snarey, Wallace, and Bouchard; Plaintiff's Eighth Amendment claims against Bouchard; and all claims against Defendant Quisenberry, instructed this Court to dismiss those claims without prejudice.

The Court of Appeals also reversed this Court's grant of summary judgment as to Plaintiff's Eighth Amendment warm and dry housing claim against Defendants Snarey and Wallace, finding that Plaintiff had presented sufficient evidence to create a genuine issue of material fact on that claim, and remanded this case for further proceedings. *See Spencer v. Bouchard et al.*, 449 F.3d 721 (6th Cir. 2006).[1]

On or around June 16, 2006, Plaintiff sent defense counsel a letter proposing a deposition upon written questions of fellow inmate Terry Gallimore (Dkt. 118, Attachment A). Plaintiff alleged that Defendants failed to respond. On July 7, 2006, Terry Gallimore answered the proposed questions, apparently before a notary public (*Id*., Attachment B). On July 11, 2006, Plaintiff filed his application to submit for filing the deposition upon written questions of Terry Gallimore (Dkt. 118), which was referred to the undersigned for determination.

**II.    Analysis**

Discovery closed almost two years before Plaintiff's applied to file this deposition. In his application Plaintiff does not argue that discovery should be reopened, but requests that he

---

[1] Consistent with the decision of Court of Appeals, on August 14, 2006, this Court dismissed, without prejudice, all claims against Defendant Quisenberry; Plaintiff's First Amendment claims against Defendants Bouchard, Snarey, and Wallace; and Plaintiff's Eighth Amendment claim against Defendant Bouchard. Plaintiff's Eighth Amendment warm and dry housing claim against Defendants Snarey and Wallace, are the only claims that remain before this Court.

be allowed to file Mr. Gallimore's deposition due to exigent circumstances – at once alleging that he could not have identified Mr. Gallimore before this time (Dkt. #118, p. 6) and Mr. Gallimore was his cellmate at the time in question and can, therefore, testify to the condition of Plaintiff's prison cell (*Id*. #118, p. 6).

Plaintiff argues that he could not locate Mr. Gallimore before the present time, though Mr. Gallimore was apparently at all times confined in prison, because Plaintiff's motions to compel discovery filed before the appeal of this matter were repeatedly denied. Yet, the motions to which he refers did not involve a request for information regarding the identity or current location of his cellmates from the relevant time. Further, Plaintiff admits that the testimony of Mr. Gallimore is largely duplicative of the testimony of himself and another inmate, Keith Wilhelm, (*Id.*, p. 8) whose deposition upon written questions Plaintiff submitted for entry on October 17, 2003 (Dkt. #58).

Also, it should be noted that Plaintiff failed to request leave of this Court before taking Mr. Gallimore's deposition, and Fed. R. Civ. P 31(a)(2) states that a party must obtain leave of the court to take such a deposition of a person in prison.[2]

---

[2]Plaintiff failed to include in his notice to Defendant the name and address of the "officer before whom the deposition" was to be taken as required by Fed. R. Civ. P. 31(a)(3).

For these reasons, It Is Ordered that Plaintiff's application to file the deposition of Terry Gallimore is DENIED.

**SO ORDERED**.

Dated: August 30, 2006     s/Steven D. Pepe
United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 30, 2006.

s/Deadrea Eldridge
Courtroom Deputy Clerk

4